IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, | |
| Plaintiffs, | No. 11-784 C |
| v. | Judge Francis M. Allegra |
| THE UNITED STATES, | |
| Defendant. | |

**DEFENDANT'S ANSWER**

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, the United States ("Defendant") hereby answers the averments made in each of the numbered paragraphs of the Complaint filed on November 22, 2011. Upon current information and belief, all averments of the Complaint are denied except to the extent expressly admitted below.

**NATURE OF THE ACTION**

1. With respect to paragraph 1 of the Complaint, Defendant admits that Plaintiffs have alleged a claim pursuant to 28 U.S.C. § 1498(a) for the recovery of their reasonable and entire compensation for the unlicensed use by the Defendant of the invention claimed in United States Patent Numbers 6,714,859 ("the '859 Patent"); 6,904,359 ("the '359 Patent"); 7,400,970 ("the '970 Patent"); and *Inter Partes* Reexamination Certificate for the '359 Patent (collectively, "the Asserted Patents"). Defendant denies that Plaintiffs are entitled to any recovery. Defendant denies the remaining averments.

2. Defendant admits the averments in paragraph 2 of the Complaint.

**JURISDICTION**

3. With respect to paragraph 3 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1498(a). Defendant denies that this Court has jurisdiction over the alleged claims in this action pursuant to 28 U.S.C. § 1491(a). Defendant denies the remaining averments.

**PARTIES**

4. With respect to paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

5. With respect to paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

6. With respect to paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

7. With respect to paragraph 7 of the Complaint, Defendant admits that, on March 30, 2004, the United States Patent and Trademark Office issued the '859 Patent, entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle." Defendant admits that the online assignment database of the United States Patent and Trademark Office indicates that Melvino Technologies, Limited was the assignee of certain interests in the '859 Patent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

8. With respect to paragraph 8 of the Complaint, Defendant admits that, on June 7, 2005, the United States Patent and Trademark Office issued the '359 Patent, entitled "Notification systems and methods with user-definable notifications based upon occurance [*sic*] of events." Defendant admits that the online assignment database of the United States Patent and

Trademark Office indicates that Melvino Technologies, Limited was the assignee of certain interests in the '359 Patent.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

9. With respect to paragraph 9 of the Complaint, Defendant admits that, on May 25, 2010, the United States Patent and Trademark Office issued an *inter partes* reexamination certificate for the '359 Patent.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

10. With respect to paragraph 10 of the Complaint, Defendant admits that, on July 15, 2008, the United States Patent and Trademark Office issued the '970 Patent, entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle."  Defendant admits that Melvino Technologies, Limited is identified as the assignee on the face of the '970 Patent.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

11. With respect to paragraph 11 of the Complaint, Defendant admits that the Asserted Patents purport to be generally directed to notification systems and methods for reporting the proximity of a vehicle.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

12. With respect to paragraph 12 of the Complaint, Defendant admits that the United States Postal Service is an independent establishment of the executive branch of the United States and that its headquarters are located at 475 L'Enfant Plaza S.W., Washington, D.C. 20260.  The remaining averments in paragraph 12 of the Complaint call for a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant denies the remaining averments in paragraph 12 of the Complaint.

## COUNT I

13. To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs of the Complaint.

14. Defendant denies the averments in paragraph 14 of the Complaint.

15. With respect to paragraph 15 of the Complaint, Plaintiffs' assertion that the Track & Confirm notification system "infringes the '859 Patent" is a legal conclusion, to which no response is required. To the extent that a response is required, Defendant denies the averments in paragraph 15 of the Complaint.

16. With respect to paragraph 16 of the Complaint, Plaintiffs' assertion that the Track & Confirm notification system "infringes the '359 Patent and the '359 Reexam Certificate" is a legal conclusion, to which no response is required. To the extent that a response is required, Defendant denies the averments in paragraph 16 of the Complaint.

17. With respect to paragraph 17 of the Complaint, Plaintiffs' assertion that the Track & Confirm notification system "infringes the '970 Patent" is a legal conclusion, to which no response is required. To the extent that a response is required, Defendant denies the averments in paragraph 17 of the Complaint.

18. With respect to paragraph 18 of the Complaint, Defendant denies that Plaintiffs have identified any unlicensed uses of the Asserted Patents by the Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

19. With respect to paragraph 19 of the Complaint, Defendant denies Plaintiffs are due any compensation or that Plaintiffs have "precisely quantif[ied] the extent of damages."

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

20. Defendant denies the averments in paragraph 20 of the Complaint.

## PRAYER FOR RELIEF

A.-E. Paragraphs (A) through (E) of the Complaint state Plaintiffs' prayer for relief to which no response is required. However, to the extent that paragraphs (A) through (E) are deemed to contain averments, Defendant denies each such averment. Defendant further denies that Plaintiffs are entitled to any of the relief requested in paragraphs (A) through (E).

## DEFENSES

Upon current information and belief, Defendant further answers concerning its defenses:

1. Defendant has not infringed any valid claim of the Asserted Patents.

2. Plaintiffs have not specified which claim or claims of the Asserted Patents have been infringed; and Defendant has not completed its investigation of whether all 109 claims of these patents comply with the requirements of 35 U.S.C. §§ 102, 103, and 112. However, Defendant asserts that one or more of the claims of each of the Asserted Patents are invalid for failure to comply with 35 U.S.C. §§ 102, 103, 112, and perhaps for additional reasons which, when ascertained, Defendant requests leave to add to this Answer or otherwise give notice to Plaintiffs.

3. Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). However, should Plaintiffs be awarded compensation, such compensation may include delay compensation but shall not include pre-judgment or post-judgment interest or costs.

4. To the extent that Plaintiffs seek recovery for any of Defendant's alleged unauthorized use occurring more than six years before the filing of the Complaint, Plaintiffs are precluded from any such recovery, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. § 1498.

5. To the extent that Plaintiffs seek recovery for any of Defendant's alleged unauthorized use occurring prior to the assignment of any asserted patent, Plaintiffs are precluded from any such recovery as set forth in the Assignment of Claims Act. See 31 U.S.C. § 3727.

6. Plaintiffs' claim for compensation is barred by equitable considerations, such as laches, waiver, and/or estoppel.

7. To the extent that Plaintiffs seek recovery for any alleged use involving third-parties who have a license and/or release with respect to the Asserted Patents, Plaintiffs are precluded from any such recovery by license, implied license, and/or release.

8. Defendant asserts any and all defenses which are presently unknown to it, but which, when ascertained, Defendant requests leave to add to this Answer.

WHEREFORE, Defendant respectfully requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiffs;

B. That the Court adjudge each asserted claim of the Asserted Patents invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and 112;

C. That the Court adjudge each asserted claim of the Asserted Patents not infringed by or for Defendant;

      D.      That the Court adjudge that Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a);

      E.      That Defendant recover from Plaintiffs all of its expenses, including costs and attorney fees; and

      F.      That Defendant have such further relief as the Court deems proper and just.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Telephone:   (202) 307-0262
Facsimile:    (202) 307-0345

March 23, 2012