# In The United States Court of Federal Claims

No. 11-784C

(Filed: June 8, 2012)

_____

ARRIVALSTAR S.A. and
MELVINO TECHNOLOGIES LIMITED,

        Plaintiffs,

v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

    Today, a status conference was held in this case.  As agreed upon by the parties at this conference, the court hereby orders the following:

1. On or before July 9, 2012, the parties shall file a joint motion proposing an order governing the use of electronic discovery and a protective order.  Should the parties be unable to reach agreement on either of these matters, the motion must indicate with specificity what the disagreements are, including, if appropriate, the language at issue;

2. On or before August 10, 2012, the parties shall have a meeting of counsel to discuss issues relating to their preparation of claim charts;

3. On or before August 24, 2012, plaintiffs shall serve on defendant its "Claim Chart" and its "Proposed Claim Construction Statement;"

4. Plaintiffs' Claim Chart referenced in paragraph 3 must contain the following information for each Asserted Claim:

    a. The identity of each apparatus, product, device, process, method, act or other instrumentality that allegedly infringes the Asserted Claim;

    b. Whether such infringement is claimed to be literal or under the doctrine of equivalents;

    c.    Where each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality; and

    d.    If plaintiffs wish to preserve the right to rely on their own apparatus, product, device, process, method, act or other instrumentality as evidence of commercial success, plaintiffs must identify, separately for each claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

5.    The Proposed Claim Construction Statement referenced in paragraph 3 shall contain the following information:

    a.    The preferred interpretation of any claim term or phrase;

    b.    An identification of all support for that interpretation found in the claims themselves, the specification, and prosecution history; and

    c.    An identification of any extrinsic evidence (including but not limited to expert testimony) that plaintiffs intend to use to support their proposed interpretation.

6.    On or before September 28, 2012, defendant shall serve on plaintiffs its "Response Chart" and its "Response to Proposed Claim Construction Statement;"

7.    The Response Chart referenced in paragraph 6 shall include the following information:

    a.    The identity of each item of prior art that anticipates the claim or renders it obvious;

    b.    Whether each item of prior art anticipates the claim or renders it obvious;

    c.    Where each element of the claim is found within each item of prior art; and

    d.    All grounds of invalidity other than anticipation or obviousness.

8.    The Response to Proposed Claim Construction Statement referenced in paragraph 6 shall contain the following information:

    a.    The preferred interpretation of any claim term or phrase;

      b.      An identification of all support for that interpretation found in the claims themselves, the specification, and prosecution history; and

      c.      An identification of any extrinsic evidence (including but not limited to expert testimony) that defendant intends to use to support its proposed interpretation.

9.    On or before October 22, 2012, the parties shall meet and confer and thereafter file a "Joint Claim Construction Statement." The Joint Claim Construction Statement shall contain the following information:

      a.      The construction of those claims and terms on which the parties agree; and

      b.      Each party's proposed construction of each disputed claim and term.

10.    On or before November 16, 2012, the parties shall file opening briefs on claim construction. The briefs should indicate whether the parties intend to use expert testimony at the *Markman* hearing;

11.    On or before December 14, 2012, the parties shall file briefs in response to the opening claim construction briefs;

12.    The parties shall append to their filings in paragraphs 10 and 11 any supporting evidence, including records of prior judicial or agency proceedings relative to the claims in this case;

13.    The court will schedule a *Markman* hearing shortly after the close of briefing;

14.    Fact discovery shall conclude on March 29, 2013; and

15.    Expert discovery shall begin on March 30, 2013 and conclude on June 28, 2013.

**IT IS SO ORDERED.**

                                            s/ Francis M. Allegra
                                            Francis M. Allegra
                                            Judge