# In The United States Court of Federal Claims

No. 11-784C

(Filed: July 17, 2012)

_____

ARRIVALSTAR S.A. and
MELVINO TECHNOLOGIES LIMITED,

                Plaintiffs,

v.

THE UNITED STATES,

                Defendant.

_____

**PROTECTIVE ORDER**

_____

Pursuant to Rules 1, 16, and 26(c) of the Rules of the United States Court of Federal Claims, the court hereby enters this order to protect Protected or Highly Protected Information as defined below. The parties have stipulated to the entry of this order.

This Protective Order does not specify the procedures under which access to classified information is to be provided and shall not be construed as requiring the production of any information that is classified for reasons of national security. Access to such information shall be governed solely by existing laws and regulations pertaining to national security.

### Definitions

For purposes of this Protective Order:

1.  "Party" shall mean ArrivalStar, Melvino, the government, and any other entity that appears in this lawsuit as an intervenor or third party.

2.  "Entity" means an individual or an entity. For the purposes of this Protective Order, "Entity" includes the government.

3.  "Producer" means an entity who produces information via the discovery process in this case.

4. "Recipient" means an entity who receives information via the discovery process in this case.

5. "Protected information" is information concerning an entity's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G) of the Rules of the Court of Federal Claims, the disclosure of which is likely to harm that entity's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a court.

6. "Highly Protected information" is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Protected information, the disclosure of which is likely to significantly harm that entity's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a court.

7. Information is not Protected or Highly Protected if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Protective Order. Information is likewise not Protected if an entity lawfully obtained it independently of this litigation.

### Designation of Information as Protected

8. An entity's designation of information as Protected or Highly Protected means that the entity believes in good faith, upon reasonable inquiry, that the information qualifies as such.

9. An entity designates information in a document or thing as Protected or Highly Protected by clearly and prominently marking it on its face as **"PROTECTED INFORMATION, SUBJECT TO PROTECTIVE ORDER," "HIGHLY PROTECTED INFORMATION," "CONFIDENTIAL," "HIGHLY CONFIDENTIAL**" or a marking of like import. A producer may make documents or things containing Protected or Highly Protected information available for inspection and copying without marking them without forfeiting a claim of confidentiality, so long as the producer causes of the documents or things to be marked as Protected or Highly Protected before providing them to the recipient.

10. An entity designates information in deposition testimony as Protected or Highly Protected by stating on the record at the deposition that the information is Protected or Highly Protected or by advising the opposing party and the stenographer and videographer in writing, within fourteen

        days after receipt of the deposition transcript, that the information is Protected or Highly Protected.

11. An entity's failure to designate a document, thing, or testimony as Protected or Highly Protected does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

12. An entity who has designated information as Protected or Highly Protected may withdraw the designation by written notification to all parties in the case.

13. If a party disputes a producer's designation of information as Protected or Highly Protected, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials.  The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court.  The they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the court to maintain the producer's designation.  The producer bears the burden of proving that the information is properly designated as Protected or Highly Protected.  The information shall remain subject to the producer's Protected  designation until the court rules on the dispute.  A party's failure to contest a designation of information as Protected or Highly Protected is not an admission that the information was properly designated as such.

### Use and Disclosure of Protected or Highly Protected Information

14. Protected or Highly Protected information may be used exclusively for purposes of this litigation (including any appeal(s)), subject to the restrictions of this Protective Order.

15. Absent written permission from the producer or further order by the Court, the recipient may not disclose Protected information to any entity other than the following:

    (i) A party's outside counsel of record (including attorneys of the United States Department of Justice), including necessary paralegal, secretarial and clerical personnel assisting such counsel;

    (ii) A party's in-house counsel;

    (iii) A party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

  (iv) A stenographer and videographer recording testimony concerning the information;

  (v) Subject to the provisions of paragraph 17 of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and

  (vi) The court and personnel assisting the court.

16. Absent written permission from the producer or further order by the court, the recipient may not disclose Highly Protected information to any person other than those identified in Paragraph 15 (i), (iv), (v), and (vi).

17. A party may not disclose Protected or Highly Protected information to an expert or consultant pursuant to Paragraph 15 of this order until after the expert or consultant has signed an undertaking in the form of Form A to this order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Protected or Highly Protected information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosures (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the court promptly for a ruling, and the Protected or Highly Protected information may not be disclosed to the expert or consultant without the court's approval.

18. Notwithstanding Paragraph 15, a party may disclose Protected or Highly Protected information to any entity indicated by the document containing Protected or Highly Protected information to be its originator, its author, or a recipient of a copy.

19. A party who wishes to disclose Protected or Highly Protected information to an entity not authorized under Paragraph 15 must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

### Inadvertent Disclosure

20. The inadvertent or unintentional disclosure of Protected or Highly Protected information during the course of this litigation, without

designating it as Protected or Highly Protected information at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim that the disclosed information is Protected or Highly Protected, either as to the specific information disclosed or as to any other information relating thereto. In order to maintain its Protected or Highly Protected status, any such Protected or Highly Protected information must, however, be so designated within ten (10) business days after learning of the inadvertent or unintentional disclosure.

21. Upon becoming aware of any loss, theft, and/or unauthorized copying or disclosure of Protected or Highly Protected information, counsel for the recipient shall promptly notify the producer and shall immediately take all reasonably appropriate and available actions to retrieve any Protected or Highly Protected information and prevent any further unauthorized access or dissemination.

### Filing with the Court

22. In the event that Protected or Highly Protected information is included in any electronically-filed document, the party seeking to file such Protected or Highly Protected information shall seek leave to file it electronically under seal. all other documents filed with the Court containing Protected or Highly Protected information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this litigation, the words **"CONTAINS PROTECTED** [or **HIGHLY PROTECTED**] **INFORMATION"** and **"SUBJECT TO PROTECTIVE ORDER"** as an indication of the nature of the contents.

23. If a party wishes to file in the public record a document that another producer has designated as Protected or Highly Protected, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

### Document Disposal

24. Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Protected or Highly Protected information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Protected or Highly Protected information. Alternatively, the party may destroy all documents and copies of documents containing the producer's Protected or Highly Protected information. The party returning and/or destroying the producer's Protected or Highly Protected information must promptly certify in writing its compliant with the requirements of this

paragraph.  Notwithstanding the requirements of this paragraph, and remaining subject to all requirements of this Order:

    a.    Counsel for each party may retain one complete set of all documents filed with the Court; and

    b.    the United States Department of Justice may retain one set of any documents solely for archival purposes.

## Survival of Obligations

25.    This Order's obligations regarding Protected or Highly Protected information survive the conclusion of this case.

**IT IS SO ORDERED.**

    s/ Francis M. Allegra
    Francis M. Allegra
    Judge

(Attachment A)
# In The United States Court of Federal Claims

No. 11-784C
_____

ARRIVALSTAR S.A. and
MELVINO TECHNOLOGIES LIMITED,

                Plaintiffs,

                v.

THE UNITED STATES,

                Defendant.

**APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1.    I, _____, hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2.    a. I [outside counsel only] am an attorney with the law firm of _____ and have been retained to represent _____, a party to this proceeding.

       b. I [inside counsel only] am in-house counsel (my title is: _____) for _____, a party to this proceeding.

3.    I am [ ] am not [ ] a member of the bar of the United States Court of Federal Claims (the "Court").

4.    My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel.  I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.  I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor.  This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of Protected Information could provide a competitive advantage.

5.  I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

   _____

   _____

   _____

6.  I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

   _____

   _____

   _____

7.  I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

   _____

   _____

   _____

8.  I [inside counsel only] have attached a detailed narrative providing the following information:

   a.  my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

   b.  the person(s) to whom I report and their position(s) and responsibilities;

   c.  the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;

   d.  my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

      e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of Protected Information to persons not admitted under the Protective Order.

9.     I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any Protected Information produced in connection with the proceeding.

10.     I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability

     \* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____     _____
Signature      Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

_____     _____
Signature of Attorney of Record      Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

**(Attachment B)**

# In The United States Court of Federal Claims

No. 11-784C
_____

ARRIVALSTAR S.A. and
MELVINO TECHNOLOGIES LIMITED,

                    Plaintiffs,

                v.

THE UNITED STATES,

                    Defendant.

**APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY EXPERT CONSULTANT OR WITNESS**

1.    I, the undersigned, am a_____with _____ and hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2.    I have been retained by _____ and will, under the direction and control of _____, assist in the representation of _____ in this proceeding.

3.    I hereby certify that I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order.  Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor.  This means, for example, that neither I nor my employer provides advice concerning, or participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protective materials could provide a competitive advantage.

4.    My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding.  Neither I, nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

5.    I have attached the following information:

      a. a current resume describing my education and employment experience to date;

      b. a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;

      c. a list of all clients for whom I have performed work within the two years prior to the date of this application and for whom the use of protected material could provide a competitive advantage and a brief description of the work performed;

      d. a statement of the services I am expected to perform in connection with this proceeding;

      e. a description of the financial interests that I, my spouse, and/or my family, has in any entity that is an interested party in this proceeding or whose Protected Information will be reviewed; if none, I have so stated;

      f. a list identifying by name of forum, case number, date, and circumstances all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked, or have been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and

      g. a list of the professional associations to which I belong, including my identification numbers.

6. I have read a copy of the Protective Order issued by the Court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any Protected Information produced in connection with the proceeding. I will not disclose any Protected Information to any individual who has not been admitted under the Protective Order by the court.

7. For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal to be submitted to any agency of the United States government for _____ when I know or have reason to know that any party to this proceeding, or any successor entity, will be a competitor, subcontractor or teaming member.

8. For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal or submission to _____ nor will I have any personal involvement in any such activity.

9. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

      * * *

- 3 -

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____       _____
Signature                                                                      Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

_____       _____
Signature of Attorney of Record                                        Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number