# In the United States Court of Federal Claims

No. 11-784C

(Filed:  August 20, 2012)
_____

|  |  |  |
|---|---|---|
| ARRIVALSTAR S.A. and<br>MELVINO TECHNOLOGIES LIMITED, | *<br>*<br>* |  |
|  | * | Patent case; E-discovery management order; |
| Plaintiffs, | * | Timing of e-discovery; Presumptive limits |
|  | * | on email productions for custodians and |
|  | * | searches; Clawback provisions under Fed. R. |
| v. | * | Evid. 502; Provisions dealing with assertion |
|  | * | of privilege; Format for production. |
| THE UNITED STATES, | * |  |
|  | * |  |
| Defendant. | * |  |

_____

**AMENDED ORDER**
_____

*Francis J. Gorman,* Gorman & Williams, Baltimore, MD, for plaintiffs.

*Scott David Bolden*, Civil Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Stuart F. Delery*, for defendant.

**ALLEGRA, Judge:**

On July 17, 2012, the court issued this order concerning the management of electronic discovery (e-discovery).  The parties have subsequently recommended changes to the order, which have been incorporated herein. [1]  Accordingly, it is hereby **ORDERED** as follows:

---

[1]   The order contains some of, but not all, the provisions from the Model Order drafted by the E-Discovery Committee of the Federal Circuit Advisory Council.  *See* http://www.cafc.uscourts.gov/images/stories/the-court/Ediscovery_Model_Order.pdf.  The court also considered the Model Order drafted by the United States District Court for the Eastern District of Texas on this subject, *see* http://www.txed.uscourts.gov/page1.shtmil?location=rules, as well as recent commentary on this subject, *see* Daniel Garrie, "The E-Discovery Dance for Patents:  Changing the Tune," http://www.law360.com/articles/350842/the-e-discovery-dance-for-patents-changing-the-tune (as viewed on July 17, 2012).

1. This Order supplements this court's discovery rules.

2. Generally, the costs of discovery shall be borne by each party, subject to the provisions of RCFC 26(b)(2)(B) and 37.

3. Production requests under RCFC 34 and 45 involving electronically stored information (ESI) shall not include metadata absent a showing of good cause (*e.g.*, that questions exist concerning the authenticity or authorship of email).

4. Email production request shall only be propounded for specific issues, rather than general discovery of a product or business. Subject to paragraph 3, the production of email shall not include metadata so long as the following information fields are otherwise apparent: date sent, to, from, cc, and any attached filed(s).

5. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, the relevant finances, as well as the technology systems involved with email that is reasonably anticipated to be relevant. While this provision does not require the production of such information, the court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

6. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and time frame.

7. Each requesting party shall limit its email production requests to a total of eight custodians per producing party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case.

8. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination

of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production.

9. Before seeking to modify the limits specified in paragraphs 7 or 8, the parties are encouraged to engage in sampling under RCFC 26(b) and 34(a)(1)(A).

10. Pursuant to Fed. R. Evid. 502, the production of documents and data pursuant to this Order shall not result in the waiver of the attorney-client privilege or work-production protection as to those documents and data.  Also, the production of privileged or protected documents or data under this Order shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data in any other federal or state proceeding.

11. If the producing party determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, the counsel for the producing party shall notify the recipient promptly of its claim.  As part of the notification, the producing party's counsel shall identify, by Bates number(s), the document(s) as to which the producing party is asserting a claim of privilege or protection.

12. The recipient shall notify the producing party's counsel upon identification of any document(s) or data which appears to be potentially privileged or protected.  Such notification shall not waive the recipient's ability to challenge any assertion of privilege or protection made by the producing party as to the identified document(s).  As part of the notification, the recipient shall identify, by Bates Number(s), the document(s) or data at issue.  The recipient shall segregate the specified document(s) or data, as well as any copies thereof, from the other materials, and the recipient shall not use the information in the potentially privileged or protected document(s) or date, except as provided by RCFC 26(b)(5)(B), for a period of 14 days after the date on which the recipient notifies the producing party's counsel.  Within the 14-day period, or any other period of time agreed to by the parties, the producing party shall determine whether it will assert a claim of privilege or protection as to the identified document(s), and its counsel shall notify the recipient of its determination.

13. Upon receiving notice of a claim of privilege or protection by the producing party regarding a produced document or data, the recipient shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document or data, as well as any copies thereof, and the recipient shall not use the information in the specified document or data, except as provided by RCFC 26(b)(5)(B), until after the claim is resolved. If the court upholds – or if the recipient does not challenge – the producing party's claim or privilege as to the produced document or data, the recipient shall return or dispose of the specified document or date, as well as any copies thereof.

14. The parties agree to exchange ESI in accordance with the following provisions. All ESI will be produced either in their native file format or in PDF or TIFF format according to the preference of the producing party except that in the case of ESI for which the native file format is Microsoft Office Excel or other spreadsheet software (*e.g.*, Lotus 123 or Quattro Pro), such ESI shall be produced in its native file format. In producing ESI PDF or TIFF format, however, the producing party shall not remove or reduce any word searching capabilities present in the underlying ESI's native file format. The parties may, by agreement, modify the formats prescribed by this paragraph.

15. This Order may be modified by the court for good cause. The court will be inclined to grant any modification jointly proposed by the parties.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge
